PHILIP McMANUS v. THE BOARD OF POLICE COMMIS-
SIONERS OF THE CITY OF NEWARK.

Submitted December 11, 1905—Decided February 26, 1906.

Three members of the board of police commissioners of the city of
Newark constitute a quorum of the board and their united action
is valid.

On application for a *certiorari* to review the action of the
board of police commissioners of the city of Newark in dis-
missing the applicant from the office of chance policeman.

Before Justices FORT, GARRETSON and REED.

For the applicant, *Frank E. Bradner.*

*Contra, Malcolm MacLear.*

The opinion of the court was delivered by

FORT, J. The applicant for the writ of *certiorari* in this
case was dismissed from the police force of the city of New-
ark by the board of police commissioners after charges and
hearing.

It is first alleged that the notice of the hearing was too
short, and that the applicant did not have reasonable time
and opportunity to prepare and present his defence. We do
not think the facts before us justify such a finding. He had
a fair trial.

Nor can we agree with the suggestion that the regulation
of the police department providing that a member of the
police force may be dismissed for entering any building while
in uniform, except when in the discharge of duty, is an un-
reasonable one.

The only matter seriously contended for on this application
is that under the act creating the board of police commis-
sioners of the city of Newark it is required that all the mem-

bers shall be present to constitute a legal meeting of the board. It is a sufficient answer to this to say that the statute does not say so. The board is constituted of four members. *Pamph. L.* 1885, *p.* 326. It is true that the act does not define how many shall constitute a quorum, but we can see no reason why the usual parliamentary rule should not apply and three make a quorum. Whether a majority of a quorum can act and remove a policeman it is not necessary to determine. It will be time enough to decide that question when it arises. If all the members were present the concurring action of any three would certainly be sufficient to do any act authorized to be done by the board, and as no question is raised on this application that less than three voted to dismiss the applicant, the legality of his dismissal cannot be questioned.

The writ applied for is denied.